## FRED BARHAM V. THE STATE.

No. 16379.   Delivered February 7, 1934.
Rehearing Denied March 14, 1934.
Reported in 68 S. W. (2d) 1052.

The opinion states the case.

*G. H. Williamson,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for two years.

Appellant was seen by the sheriff to drive an automobile along a public highway to a point near a hotel. Upon reaching the hotel, appellant stopped the car and went upstairs to a room. Going to the car, the sheriff found that it was occupied by two men and a young woman. According to his testimony, these three parties were drunk. He discovered in the car approximately a half gallon of whisky. The whisky was in the front of the car where appellant had been sitting. The officer testified that appellant had been drinking. Further, the testimony of the state was to the effect that it would have been impossible for anyone to have placed the whisky in the car after it stopped in front of the hotel as no one went to the car after appellant left it, except the officers.

Appellant testified, in substance, as follows: While driving on the highway toward town, he and his men companions met three women. One of the women was drunk and the others asked him (appellant) to take her in his car. Complying with their request, he took the young woman in the car and drove on to town. He stopped at the hotel for the purpose of borrowing some money from a friend. While he was in the hotel the officers searched his car. He had had no whisky in the car and did not know where the whisky the officers found came from.

There were no exceptions to the charge of the court. Two bills of exception are brought forward. In the first of these bills it is recited that the district attorney asked appellant, on cross-examination, whether he had been charged with violating the liquor law in a transaction that occurred at Lipan. The bill embraces a recital to the effect that appellant objected on the ground that the question was immaterial. There appears to have been no objection to the form of the question. The bill fails to show the answer of appellant. However, if the statement of facts should be consulted, it appears that appellant stated, in response to the question, that he had not been charged with violating the liquor law at Lipan. He went further and volunteered the information, without objection, that he had been

charged with violating "the liquor law" at Granbury, but had not been tried on said charge. It was proper, for the purpose of impeachment, to prove by appellant upon cross-examination, that he had been indicted or convicted, or was then under indictment for a felony or for a misdemeanor imputing moral turpitude, provided the impeaching testimony was not too remote. Branch's Annotated Penal Code, sec. 167; Lights v. State, 17 S. W., 428. It is true that the answer failed to show whether appellant was charged by indictment; but, as already stated, appellant volunteered the information that he was under a charge in Granbury.

Bill of exception No. 2 recites that the district attorney asked appellant on cross-examination if he had been charged with forgery at Glen Rose. The bill embraces a recital to the effect that appellant objected on the ground the question was improper as to form, in view of the fact that it was not shown in the question whether the district attorney was inquiring as to whether appellant was under complaint or indictment. The bill fails to show the answer of the witness. The court's qualification is to the effect that the district attorney asked appellant if he was charged either by complaint or indictment at Glen Rose with the offense of forgery. It is observed that appellant proved by one of his witnesses that he (appellant) had been indicted in Hood county. The rule already stated relative to impeaching testimony is applicable to the present bill. It was proper to elicit from appellant the fact that he was under indictment for forgery.

In his motion for new trial appellant alleged that prior to being impaneled the jury for the week sat in the courtroom and heard some prohibition speeches. It does not appear that appellant objected to taking any of the jurors. He could not wait until the motion for new trial to raise the question. In any event, the allegations embraced in the motion are in no manner supported. The order overruling the motion for new trial recites that the court heard evidence. The evidence is not brought forward. If it should be conceded that appellant could raise the question on motion for new trial,—and this is not conceded,—we must presume, in the absence of the evidence heard by the court, that the action of the trial court in overruling the motion was correct.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant filed a vigorous motion in which he complains, probably with some degree of reason, at some matters which are not in the record before us, which he thinks hurtfully affected his rights. We can not go outside of the record to consider extraneous matters. We have gone over the facts in the light of appellant's motion, but are of opinion same sufficiently supported the verdict and judgment.

The motion for rehearing is overruled.

*Overruled.*