Dionicio Vega **GARZA**, Appellant,

v.

**The STATE of Texas.**

No. 786–99.

Court of Criminal Appeals of Texas.

Dec. 15, 1999.

William "Bill" Ray, Fort Worth, for appellant.

Betty Marshall, Asst. State's Atty., Matthew Paul, State's Atty., Austin, for State.

## OPINION

KELLER, J. delivered the unanimous opinion of the Court.

Appellant was charged with a non-capital felony offense. On the day set for trial, the members of the venire were brought to the courtroom and seated, and each was given a written questionnaire to answer. The prosecutor and defense attorney observed the prospective jurors while they filled out the questionnaires. The questionnaires were completed by 11:00 a.m., at which time the trial court recessed for lunch. During the recess, both the prosecutor and the defense attorney reviewed the questionnaires in order to read the biographical and other information the prospective jurors had provided about themselves. After lunch, the trial court reconvened. Because of information seen in the questionnaires, the State requested

a jury shuffle. Defense counsel objected that the request was untimely and cited *Davis v. State*, 782 S.W.2d 211 (Tex.Crim. App.1989), *cert. denied*, 495 U.S. 940, 110 S.Ct. 2193, 109 L.Ed.2d 520 (1990). The trial court granted the State's request for a shuffle.

Among other issues, appellant complained on appeal that the trial court erred in granting the State's request for a shuffle. The Court of Appeals agreed, holding that a request for a jury shuffle must be made before the movant has reviewed juror information cards or biographical questionnaires. In so holding, the Court of Appeals relied upon *Davis*. The Court of Appeals then proceeded to address the issue of harm under Texas Rule of Appellate Procedure 44.2(b). Finding that harm from the error could not be measured, the court concluded that the error was necessarily harmful and ordered that the conviction be reversed. The State petitioned this Court for review and complained that the Court of Appeals erred in: (1) finding that the shuffle request was untimely and (2) holding that the allegedly untimely shuffle affected appellant's substantial rights. We agree that the trial court did not err, and consequently, we reverse the decision of the Court of Appeals.[1]

■ A motion to shuffle is untimely if presented after the voir dire has commenced. *Davis*, 782 S.W.2d at 214. The question, then, is whether voir dire has commenced when prospective jurors have filled out written questionnaires and those questionnaires have been reviewed by the parties. The Court of Appeals held that, under *Davis*, a motion to shuffle is untimely once the movant has read the written questionnaires. But, *Davis* held only that a trial court was not required to afford a

1. We also granted review on the question of whether, under R. 44.2(b), a reviewing court can measure the effect of an erroneously granted jury shuffle. We note that, for its harm analysis, the Court of Appeals relied heavily upon its opinion in *Ford v. State*, 977 S.W.2d 824, 826 (Tex.App.—Fort Worth 1998), which is currently pending before us

on discretionary review. Due to our disposition of the State's first complaint regarding error, we need not address whether the Court of Appeals' harm analysis is correct under *Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App. 1997) and *Jones v. State*, 982 S.W.2d 386 (Tex.Crim.App.1998).

party the opportunity to review written questionnaires before requesting a shuffle. *Id.* "[C]ompliance with the statute is had when counsel for either the State or the defendant is allowed the opportunity to view the venire seated in the courtroom in proper sequence and is thereafter allowed an opportunity to exercise his or her option to have the names shuffled." *Id.* Although the trial court is not obligated to allow a party to review, written questionnaires before that party determines whether to request a shuffle, the absence of such an obligation does not mean that the trial court is *prohibited* from permitting such an occurrence.

And in some cases written questionnaires or juror information cards may be submitted long in advance of voir dire. To hold that this information must be concealed until immediately before voir dire begins (or else the party forfeits his shuffle) could result in impeding the efficient progression of trial proceedings. While *Davis* held that it was not the intent of the Legislature that a shuffle would be based upon information gleaned from written questionnaires, *id.*, *Davis* did not hold that the Legislature intended to *prevent* the use of such information from influencing a decision to request a shuffle. Rather, *Davis* held that a shuffle should not be inordinately delayed by a party's attempt to glean such information. *Id.* ("[A]ppellant's counsel requested an hour to review the veniremen's biographical information before he opted to shuffle their names" … "a shuffle of the jury panel for the case takes a minimal amount of time if properly handled." (Ellipsis inserted)).

■ Moreover, written questionnaires, while often helpful tools in conducting voir dire, do not constitute a formal part of the voir dire proceedings. In a recent case, for example, we have indicated that a party cannot rely solely upon written questionnaires to "supply any information that counsel deems material" to the case. *Gonzales v. State,* 3 S.W.3d 915, 917–18 (Tex. Crim.App.1999).

 We hold that a trial court is neither required to allow nor prohibited from allowing a party to review written questionnaires before deciding whether to request a shuffle. It is within the court's discretion to allow it or disallow it. And we hold that voir dire does not commence simply because a party has read the answers to written jury questionnaires. Accordingly, we hold that the State's request for a shuffle in the present case was timely, and the trial court did not err in granting the same.

The judgment of the Court of Appeals is reversed and the case is remanded to that court to consider appellant's remaining points of error.

