

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00225-CR

_____


MATTHEW GEORGE CARROLL, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 10-0423X



Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

Matthew George Carroll stands convicted by a Harrison County jury for the state jail felony of delivery of a controlled substance.[1]   No motion for new trial was filed.   On appeal, he asserts only that his trial counsel was ineffective because of allegedly inadequate questioning during voir dire of the jury panel.   In light of the lack of any post-trial motion or hearing on the issue of trial counsel's performance, Carroll creatively asks only that we send the matter back to the trial court for a hearing on the effectiveness of trial counsel.   Because there is an insufficiently developed record to demonstrate that trial counsel was ineffective and because we conclude that Carroll is not entitled to attempt to develop such a record in this manner,[2] we affirm the trial court's judgment.[3]

We find no authority to support the requested relief.   To support allegations that trial counsel was ineffective, an appellant must prove by a preponderance of the evidence (1) that his or her counsel's representation fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced the defense.   *Strickland v. Washington*, 466 U.S. 668, 689 (1984).   Where an appellate record is silent as to why trial counsel failed to take certain actions, the appellant has ordinarily failed to rebut the presumption that trial counsel's decision was in some way reasonable. *See Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007).

---

[1]He was sentenced to twelve months' confinement in a state jail facility.

[2]It is worth noting that the request is set up, not as a motion, but as the actual point of error in appellant's brief, asking solely for the hearing.   If we dispose of the appeal by ordering such a hearing, the appeal is completed.

[3]Even if we granted the requested relief, it would send the matter back only for a hearing, and no other action.   Thus, as presented, it could not qualify Carroll for any direct review beyond that point.

Direct appeals often present a limited record for review of the effectiveness of trial counsel. *Id.* at 430; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). One way to obtain evidence of counsel's trial strategy or other matters in the direct appeal record is through a motion for new trial.[4] *See Motley v. State*, 773 S.W.2d 283, 290 (Tex. Crim. App. 1989) (evidence relating to counsel's trial strategy appeared in record because hearing on motion for new trial was held on issue of ineffective assistance).

In this case, there is neither a record to indicate why counsel chose certain actions or declined to ask any particular questions[5] of the panel, nor any suggestion of harm that might have resulted from those decisions. The ineffectiveness of counsel is a matter that must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Smith v. State*, 51 S.W.3d 806, 812 (Tex. App.—Texarkana 2001, no pet.). In the absence of such a record, and in the lack of anything that would indicate such completely ineffective assistance as could be shown without such a record, we cannot find that trial counsel was ineffective. *See Holland*, 761 S.W.2d 307, 321 (Tex. Crim. App. 1988) (record must support appellant's claims of ineffective assistance).

---

[4]Another way to develop a proper record is through a hearing in a habeas corpus collateral attack. *See generally* TEX. CODE CRIM. PROC. ANN. arts. 11.01–.45 (West 2006 & West Supp. 2011).

[5]Defense counsel may rely on questions asked by the trial court or the prosecutor during voir dire. *Armstrong v. State*, 897 S.W.2d 361, 364 n.1 (Tex. Crim. App. 1995); *Garza v. State*, 988 S.W.2d 352, 362 (Tex. App.—Fort Worth) *rev'd on other grounds*, 7 S.W.3d 164 (Tex. Crim. App. 1999). Here, too, the alleged derelictions are errors of omission rather than commission revealed in the trial record, and, in such a situation, collateral attack is the proper vehicle by which a thorough and detailed examination of alleged ineffectiveness may be developed and spread upon a record. *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).

But counsel seeks to avoid the problem by obtaining a remand for a hearing of the nature typically provided in a habeas. Due to Carroll's inventive tactic on appeal, the question arises whether he can now develop the record this way on direct appeal.

This Court has held that, when a motion for new trial and an accompanying affidavit demonstrate reasonable grounds that could entitle a defendant to relief, a hearing on the motion for new trial should be granted by the trial court—failing which the appeal should be abated to the trial court for a hearing on the motion for new trial. *Barnett v. State*, 338 S.W.3d 680, 687 (Tex. App.—Texarkana 2011, no pet.); *see Stokes v. State*, 298 S.W.3d 428, 431 (Tex. App.—Houston [14th Dist.] 2009, no pet.). As an example, in *Hobbs v. State*, 298 S.W.3d 193, 203 (Tex. Crim. App. 2009), the court held that an appellant's verified motion to the trial court was sufficient to put the trial judge on notice that reasonable grounds existed to believe that defendant's jury waiver may not have been a knowing and intelligent one. Under those circumstances, the court held the trial court abused its discretion in refusing to hold a hearing. It, therefore, reversed the judgment of the court of appeals and remanded the case with instructions to abate the appeal and return the case to the trial court to conduct a hearing on appellant's motion for new trial. So, if the motion for new trial and affidavit are sufficient, a hearing on the motion is mandatory. *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009); *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994). The proper remedy in that situation is to abate the appeal and remand to the trial court to conduct the required hearing. *Martinez v. State*, 74 S.W.3d 19, 22 (Tex. Crim. App. 2002).

4

The problem is that, here, Carroll filed with the trial court no motion for new trial or affidavits[6] and sought no hearing. There was, therefore, no mandatory hearing that the trial court refused to conduct.[7] We are being asked to abate an appeal for an evidentiary hearing so that counsel can seek to develop some basis on which he could support a point of error claiming that trial counsel was ineffective. This is a remedy we have never before granted, and counsel has directed us to no such orders from any court. We have discovered no authority supporting the remedy.

We decline the invitation to expand our scope of authority by ordering evidentiary hearings on matters which have never been presented to the trial court, and which do not impact our determination of our own jurisdiction over the appeal.[8]

We affirm the judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     April 9, 2012
Date Decided:       April 11, 2012

Publish

---

[6]We cannot consider affidavits not part of the record except when they involve our determination of our own jurisdiction. *See Yarbrough v. State*, 57 S.W.3d 611, 615–16 (Tex. App.—Texarkana 2001, no pet.).

[7]No allegation is made that the trial court was obliged to hold a hearing sua sponte.

[8]We also recognize that Carroll now has counsel, appointed by the court, to represent him. In a habeas, he likely would not, and would likely be forced to attempt to represent himself, an outcome that makes matters more difficult for all entities involved.

5