

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00183-CR

KRISTEN MARIE JACKSON                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Kristen Marie Jackson appeals her state-jail-felony conviction and two-year sentence for fraudulently using or possessing identifying information.[2]  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 32.51(b)(1), (c)(1) (West Supp. 2012).

**Background Facts**

A grand jury indicted appellant for fraudulently using or possessing identifying information. The trial court appointed counsel for appellant. Appellant asserted a conflict with her first appointed attorney, so the trial court appointed another attorney.

With the assistance of her second appointed counsel, appellant waived her constitutional and statutory rights, received admonishments about the effects of pleading guilty, judicially confessed to the offense, and entered an open guilty plea. On the record at the hearing on the plea, appellant confirmed that she did not have any questions about her plea, that she understood that she was waiving certain rights, that no one had promised her anything in exchange for her plea, and that no one had forced her to plead guilty.

After making her plea, appellant briefly testified about her criminal history[3] and her rehabilitative efforts during her incarceration. The trial court recessed the case to receive information about appellant's community supervision on a charge from Dallas County. Upon reconvening the plea proceeding, the court listened to arguments from the parties, found appellant guilty, and sentenced her to two years' confinement.[4]

---

[3]Appellant has previous misdemeanor and felony convictions, including convictions for possessing controlled substances.

[4]The record does not establish what information, if any, the trial court received about the Dallas County charge. During her argument, appellant's counsel asked the trial court to assess the minimum state-jail sentence or to

2

On April 18, 2012, which was the same day that the trial court announced its sentence, appellant filed a notice of appeal, and the trial court appointed counsel to represent her on appeal.[5]  On May 17, 2012, on appellant's behalf, her postjudgment counsel timely filed a motion for new trial,[6] asserting that appellant's plea was involuntary[7] and stating,

> The Trial Court's sentence was based on faulty information supplied by the State of Texas.  Specifically, the State told the Trial Court that [appellant] had been on probation once before and [had] been to a Texas SAFP facility.  [Appellant] has never been to a SAFP facility.  This misstatement by the State of Texas likely caused the Trial Court to believe that [appellant] was not a good candidate for probation or SAFP since she had already been enrolled.[8]

Appellant's motion for new trial was not sworn, and appellant did not attach evidence, through an affidavit or otherwise, to the motion.  The last page of the motion contained a certificate of presentment stating that the motion was "hand-delivered" to the district clerk, "to be delivered to the [trial court]."  The record

---

sentence appellant as if she had committed a misdemeanor offense.  *See* Tex. Penal Code Ann. § 12.44(a) (West 2011).

[5]Because appellant is now represented by different counsel, we will refer to her initial appellate counsel as her "postjudgment counsel."

[6]*See* Tex. R. App. P. 21.4(a).

[7]In the course of pleading guilty, appellant affirmed in writing that she was aware of the consequences of her plea and that the plea was "knowingly, freely, and voluntarily entered."

[8]SAFP is a substance-abuse felony punishment facility within the Texas Department of Criminal Justice.  *Rouse v. State*, 300 S.W.3d 754, 758 n.6 (Tex. Crim. App. 2009).  In appellant's closing argument in the trial court, she did not ask to be placed on community supervision, and she did not mention SAFP.

does not indicate, however, that the trial court actually became aware of the filing of appellant's motion for new trial, nor does the record contain an order resolving the motion.[9] The trial court later substituted another attorney for postjudgment counsel as appellant's appellate counsel.

**Appellant's Arguments on Appeal**

In one point that appellant raised within her original brief, she argued that she was denied her rights to effective assistance of counsel and due process during the period in which the rules of appellate procedure required her to present her motion for new trial to the trial court.[10]

A defendant in a criminal case must present a motion for new trial "to the trial court within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court." Tex. R. App. P. 21.6. We have explained that presentment means more than "simply filing the motion for new trial with the clerk of the trial court; '[t]he presentment must result in actual notice to the trial court and may be evidenced by the judge's signature or notation on a proposed

---

[9]Thus, the motion was overruled by operation of law. *See* Tex. R. App. P. 21.8(c); *Davis v. State*, 278 S.W.3d 346, 349 (Tex. Crim. App. 2009).

[10]Appellant mentions due process at the end of her argument in a conclusory fashion, but she does not cite authority that would establish a violation of due process under the facts of this case. Thus, we overrule appellant's due process argument as inadequately briefed. *See* Tex. R. App. P. 38.1(i); *Robinson v. State*, 310 S.W.3d 574, 580 (Tex. App.—Fort Worth 2010, no pet.).

4

order or by a hearing date set on the docket.'" *Burrus v. State*, 266 S.W.3d 107, 115 (Tex. App.—Fort Worth 2008, no pet.) (mem. op.) (quoting *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998)). Appellant's certificate of presentment was insufficient to establish that her motion for new trial was actually presented. *See id.* at 115–16.

Appellant contends that her postjudgment counsel was ineffective because although he timely filed the motion for new trial, he failed to present it or set it for a hearing, which appellant asserts that she needed to develop evidence on the issues contained in the motion. Appellant does not explicitly ask us to reverse her conviction; rather, she requests that we remand this appeal "to the trial court so that an out of time hearing" may be held on the motion for new trial.

Appellant had a constitutional right to effective assistance of counsel during the postsentence proceedings in the trial court. *See Funk v. State*, 188 S.W.3d 229, 231 (Tex. App.—Fort Worth 2006, no pet.). To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that her postjudgment counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for the deficiency, the result in the trial court would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009). In other words, for a claim of ineffective assistance of counsel to succeed, the record must demonstrate both deficient performance by counsel and prejudice suffered by the

5

defendant. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). An ineffective-assistance claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Id.* (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).

The prejudice prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair and reliable trial. 466 U.S. at 687, 104 S. Ct. at 2064.[11] In other words, appellant must show there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

For two reasons, we cannot conclude that appellant has shown prejudice from the lack of presentment on her motion for new trial or from the lack of a hearing on the motion.[12] First, even if appellant's postjudgment counsel had

---

[11]Although appellant contends that she is "not required to show actual prejudice," with some limited exceptions that are inapplicable here, the two prongs of *Strickland* apply to all ineffective assistance claims. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (citing *Strickland*, 466 U.S. at 692–93, 104 S. Ct. at 2067); *Sanders v. State*, 346 S.W.3d 26, 33–34 (Tex. App.—Fort Worth 2011, pet. ref'd).

[12]There is no requirement that we address both components of the *Strickland* inquiry if the defendant makes an insufficient showing on one component. 466 U.S. at 697, 104 S. Ct. at 2069.

presented the motion for new trial, appellant would not have been entitled to a hearing on it. To secure a hearing on a motion for new trial, a defendant must show that the motion "and accompanying affidavits (1) raise matters which are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief." *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009); *see Barnett v. State*, 338 S.W.3d 680, 683 (Tex. App.—Texarkana 2011, no pet.). Appellant did not attach an affidavit to her motion for new trial, nor did she particularly allege that the allegations contained in the motion were based on facts outside the record. Although appellant has alleged that her posjudgment counsel was ineffective for failing to present the motion for new trial to the trial court, appellant has not contended that her postjudgment counsel was ineffective for not attaching evidence to the motion through an affidavit.

Second, because there is no evidence of the allegations in appellant's motion for new trial, there is nothing in the record to indicate a reasonable probability that had postjudgment counsel presented the motion, it would have been granted.[13] *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *see also Willett v. State*, Nos. 05-00-01670-CR, 05-00-01671-CR, 2001 WL 1346307, at *1 (Tex. App.—Dallas Nov. 2, 2001, no pet.) (not designated for publication)

---

[13]The decision to grant or deny a motion for new trial "is left to the sound discretion of the trial court." *Torrance v. State*, 59 S.W.3d 275, 276–77 (Tex. App.—Fort Worth 2001, pet. ref'd).

7

("[U]nder *Strickland*, appellant must show a reasonable probability that but for trial counsel's ineffectiveness the trial court would have *granted* appellant a new trial. There is no evidence in the record showing appellant was entitled to a new trial.") (citation omitted); *Smith v. State*, No. 01-98-01284-CR, 2001 WL 700512, at *4 (Tex. App.—Houston [1st Dist.] June 21, 2001, pet. ref'd) (not designated for publication) (holding that because there was "nothing in the record to indicate that, had trial counsel followed up on the motion for new trial, it would have been granted, or that the trial court would have reversibly erred by not granting it," the appellant failed to establish the second prong of *Strickland*); *Redmond v. State*, 30 S.W.3d 692, 699 (Tex. App.—Beaumont 2000, pet. ref'd) ("Assuming counsel's performance was deficient, Redmond failed to establish prejudice by demonstrating that the motion for new trial would have been granted had the trial court conducted the evidentiary hearing."); *Miles v. State*, No. 04-98-00561-CR, 1999 WL 43645, at *2 (Tex. App.—San Antonio Feb. 3, 1999, no pet.) (not designated for publication) ("In the absence of proof of prejudice, we cannot hold that trial counsel's failure to file a motion for new trial was ineffective assistance of counsel.").

For these reasons, we must overrule appellant's point because she cannot establish a reasonable probability that if her postjudgment counsel had presented her motion for new trial to the trial court and had obtained a hearing on her motion, the result of the trial court's proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

8

We note that appellant has not cited any authority in support of her request for us to remand this case for the trial court to hold an out-of-time hearing on her motion for new trial. Also, in our research, we have not located any case in which an appellate court remanded or abated an appeal to a trial court to hold a hearing on a motion for new trial that was not supported by an affidavit and that had never been presented to the trial court. *Cf. Carroll v. State*, No. 06-11-00225-CR, 2012 WL 1193682, at *2 (Tex. App.—Texarkana Apr. 11, 2012, no pet.) (declining to abate an appeal and remand the case to the trial court for a hearing on the appellant's motion for new trial when the appellant had not filed any affidavits with the motion and had not sought a hearing on the motion in the trial court).

Finally, in a postsubmission reply brief, appellant argued for the first time on appeal that the trial court's sentence was "based on false information concerning her probations out of Dallas County." In an effort to support this contention, appellant attached two exhibits to her reply brief, both of which relate to her Dallas County charges and neither of which appear in the appellate record. Because we cannot consider facts established by documents that are not contained in the appellate record and cannot predicate relief upon such documents, we overrule appellant's argument in her postsubmission reply brief. *See Leza v. State*, 351 S.W.3d 344, 362 & n.78 (Tex. Crim. App. 2011); *Barham v. State*, 125 Tex. Crim. 485, 488, 68 S.W.2d 1052, 1053 (1934) (op. on reh'g); *Hiatt v. State*, 319 S.W.3d 115, 123 (Tex. App.—San Antonio 2010, pet. ref'd).

9

## Conclusion

Having overruled appellant's arguments on appeal, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 20, 2013