

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00431-CR

RAUL RESENDEZ HERRERA                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1322964D

----------

## ABATEMENT ORDER AND OPINION

----------

### I. INTRODUCTION

Appellant Raul Resendez Herrera appeals the trial court's sentence of twenty-five years' incarceration based on his open plea of guilty to the charged offense of aggravated sexual assault of a child under fourteen years of age. In two points, Herrera argues that the trial court abused its discretion by not conducting a hearing on his motion for new trial and by denying his motion for

new trial through the operation of law. Because we conclude that the trial court should have conducted an evidentiary hearing on his motion for new trial on punishment, we will abate the appeal and remand the case back to the trial court for proceedings consistent with this opinion.

## II. DISCUSSION

"When an accused presents a motion for new trial raising matters not determinable from the record, which could entitle him to relief, the trial judge abuses his discretion in failing to hold a hearing." *King v. State*, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000). The purpose of the hearing is to fully develop the issues raised in the motion. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994). As a prerequisite to obtaining a hearing, the motion must be supported by an affidavit specifically showing the truth of the grounds for attack. *King*, 29 S.W.3d at 569; *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). The affidavit need not reflect each and every component legally required to establish relief but rather must merely reflect that reasonable grounds exist for holding that such relief could be granted. *Jordan*, 883 S.W.2d at 665; *Reyes*, 849 S.W.2d at 816.

Here, the State's principal witness at the punishment hearing, the complainant's father (Father), testified that the complainant felt "betrayed by the system" when Herrera made bail after being arrested. Father further testified that the complainant was anxious about Herrera's possibly being placed on community supervision in lieu of incarceration and that it was her desire that

2

Herrera be imprisoned. Father also testified that the complainant had sent a letter to the district attorney which she had written "herself."

In the presentence investigation report, which the trial court took judicial notice of at the beginning of the sentencing hearing, there is a well-written, compelling "Victim Impact Statement" allegedly written by the complainant which states that not just on her behalf, "but on [behalf of] others who may be a victim of abuse by [] Herrera," he should go to prison. Further, the statement reads that Herrera's punishment should be that he "go to prison, not just for [her] but for the safety of other girls it could possibly happen to." Moreover, the statement also reads that in addition to the count to which Herrera pleaded guilty, Herrera subjected her to sexual assault for "8 years of [her] life."

In stark contrast, the new-trial affidavits of complainant and of two other family members tell of a scenario in which the complainant did not write the Victim Impact Statement, instead attempted to have the charge dismissed, and did not feel that Herrera should be imprisoned. The dates within the affidavits suggest that the complainant herself was unaware of the Victim Impact Statement until after Herrera's punishment hearing.

Being able to cross-examine and question the author of a Victim Impact Statement is statutorily provided for. *See* Tex. Code Crim. Proc. Ann. art. 56.03(e) (West Supp. 2015). Herrera specifically claimed in his motion for new trial that the complainant did not author the statement and that contrary to the

contents of the statement, she did not wish Herrera to be in prison. The particulars of precisely when Herrera learned that the complainant did not write the statement, whether she desired to have the charge dropped, and the assertion that she did not wish Herrera to serve time in prison are among the factual matters that should be fully developed at a hearing. We conclude that Herrera's motion for new trial and accompanying affidavits were sufficient to put the trial judge on notice that reasonable grounds existed to believe that the complainant did not author or endorse the statement found in the PSI. Therefore, the trial court abused its discretion by failing to conduct a hearing on Herrera's motion for new trial. We sustain Herrera's first point, that the trial court erred by not conducting a hearing on his new-trial motion.

### III. CONCLUSION

Because Herrera was entitled to a hearing on his new-trial motion, we order that this case is abated to the trial court to conduct an evidentiary hearing on Herrera's motion for new trial. *See Carroll v. State*, 418 S.W.3d 681, 684 (Tex. App.—Texarkana 2012, no pet.) (citing *Martinez v. State*, 74 S.W.3d 19, 22 (Tex. Crim. App. 2002) ("The proper remedy . . . is to abate the appeal and remand to the trial court to conduct the required hearing.").

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

WALKER, J., filed a dissenting opinion.

PUBLISH

DELIVERED:  February 18, 2016