

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0245-20

**JEREMY DAVID SPIELBAUER, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SEVENTH COURT OF APPEALS RANDALL COUNTY

**KEEL, J., delivered the opinion for a unanimous court.**

### <u>O P I N I O N</u>

Must a trial court dismiss a potential juror under Texas Code of Criminal Procedure Article 35.16(a)(10) based solely on answers to a questionnaire?   We hold no.

The veniremembers summoned for Appellant's non-death, capital-murder trial were required to answer a questionnaire that asked, among other things, whether they had heard about Appellant's case and formed an opinion about his guilt or innocence.   Six veniremembers answered these questions yes, and the trial court, over Appellant's

objection, questioned them individually about their answers. Ultimately the trial court denied Appellant's for-cause challenges to two of these veniremembers, and Appellant complained about those rulings on appeal.

The court of appeals reversed the trial court's judgment and held that Article 35.16(a)(10) required dismissal of the veniremembers based on their questionnaires. *Spielbauer v. State*, 597 S.W.3d 516, 523–24 (Tex. App.—Amarillo, 2020). We granted the State's petition for discretionary review and now reverse the judgment of the court of appeals and remand the case for consideration of Appellant's remaining point of error.

## I. Article 35.16(a)(10)

Article 35.16(a)(10) provides a challenge for cause when

> from hearsay, or otherwise, there is established in the mind of the juror such a conclusion as to the guilt or innocence of the defendant as would influence the juror in finding a verdict. To ascertain whether this cause of challenge exists, the juror shall first be asked whether, in the juror's opinion, the conclusion so established will influence the juror's verdict. If the juror answers in the affirmative, the juror shall be discharged without further interrogation by either party or the court. If the juror answers in the negative, the juror shall be further examined as to how the juror's conclusion was formed, and the extent to which it will affect the juror's action. . . .

Tex. Code Crim. P. art. 35.16(a)(10). The issue here is whether discharge of the veniremembers without further interrogation was required based solely on the questionnaires.

## II. Background

Appellant was charged with capital murder, but the State did not seek the death penalty, so the trial court conducted voir dire primarily under Article 35.17(1). Tex. Code Crim. P. art. 35.17(1). That is, veniremembers mostly were questioned in the presence of the entire panel. But before that examination began, the venire members were given a questionnaire that included a brief factual summary of the case and asked two questions pertinent here:

> 1. Do you think you have heard about this case? [ ] Yes [ ] No
> If yes, please give details (including how you heard – radio, TV, newspaper, internet/social media, word of mouth).
> _____
> 2. If you have heard about this case, based upon what you have heard, have you formed an opinion as to the guilt or innocence of [Appellant] as would influence you in finding a verdict. [ ] Yes [ ] No

Six of the veniremembers answered both questions yes, and Appellant argued that they should be automatically discharged under Article 35.16(a)(10) without further questioning. But the trial court disagreed and questioned them individually about the two questions above. Four of the six confirmed their written answers when they were questioned individually and were dismissed by agreement or on Appellant's challenge for cause. But two veniremembers, Freethy and Havlik, renounced their written answers.

Freethy told the trial court that he had not formed an opinion about Appellant's guilt. When asked why his answer during voir dire differed from his answer on the questionnaire, he said "I couldn't give you an answer to that," and, when pressed, "I made a mistake." Havlik also denied having formed an opinion about Appellant's guilt

and explained, "I read the question wrong." The trial court denied Appellant's challenges for cause to Freethy and Havlik.

Appellant challenged those rulings on appeal, and the State initially defended them in the court of appeals by arguing that they were unpreserved and not an abuse of discretion. The court of appeals rejected the State's arguments and reversed the trial court's judgment. In its motion for rehearing, the State argued for the first time the arguments that it makes here: that an answer in a questionnaire cannot support a challenge for cause under Article 35.16(a)(10), and even if it could, the questions here did not because they deviated from the statute's language.

Appellant now seeks to foreclose the State's arguments as "piecemeal appellate litigation" frowned upon by *Rochelle v. State*, 791 S.W.2d 121 (Tex. Crim. App. 1990). Accordingly, we address this issue first: Are the State's arguments foreclosed under *Rochelle*? Given that our preservation rules are intended to protect the trial court's judgment from reversal based on arguments never heard by the trial court, we answer this threshold issue in the negative: The State's arguments are not foreclosed from our consideration.

## III.   Preservation

The burden of preserving error for appellate review rests on the party challenging the trial court's ruling. Tex. R. App. P. 33.1. That is usually the appellant. *But see Pfeiffer v. State*, 363 S.W.3d 594, 601 (Tex. Crim. App. 2012) (discussing State's right to "cross appeal" a point of law in a defendant's appeal of a conviction under Tex. Code

Crim. P. art. 44.01(c)).   The point of assigning the burden to the complaining party is to prevent blindside attacks on the trial court's rulings.   *See Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002) (quoting *Saldano v. State,* 70 S.W.3d 873, 887 (Tex. Crim. App. 2002)).   The rules of preservation are "judge-protecting" rules.   *Martinez*, 91 S.W.3d at 335–36.   Since the appellee generally is defending the trial court's ruling, he generally has no duty of preservation.

The appellee is not required to file a brief, either.   *Volosen v. State*, 227 S.W.3d 77, 80 (Tex. Crim. App. 2007); *see also* Tex. Rule App. P. 38.8.   His failure to file a brief would not relieve the appellate court of its duty to thoroughly review the appellant's claims and "any subsidiary issues that might result in upholding the trial court's judgment."   *Volosen*, 227 S.W.3d at 80; s*ee also* Tex. R. App. P. 47.1 (referencing duty of court of appeals to address every issue raised and necessary for disposition of the appeal).

If an appellee's failure to file a brief would not relieve the appellate court of its duty to uphold the trial court on any applicable theory, neither would the appellee's failure to make a particular argument.   Instead, appellate courts will uphold the trial court's ruling on any legal theory applicable to the case, even one that was not mentioned by the trial court or the appellee.   *State v. Castanedanieto*, 607 S.W.3d 315, 327 (Tex. Crim. App. 2020).   The applicable legal theories in a case are limited to those that will not "work[] a manifest injustice."   *State v. Esparza*, 413 S.W.3d 81, 90 (Tex. Crim. App. 2013).   For example, if the alternative theory depends on a factual predicate that the

appellant "was never fairly called upon to adduce" in the trial court, then it will not be applied. *Id.*; *see also Castanedanieto*, 607 S.W.3d at 327.

The practice of upholding the trial court on any applicable legal theory extends to discretionary review, too. That is, we may consider an appellee's ground for review even if the appellee did not raise the argument in the court of appeals. *Volosen*, 227 S.W.3d at 80; *Rhodes v. State*, 240 S.W.3d 882, 886 n.9 (Tex. Crim. App. 2007). An appellee's failure to raise an argument in the court of appeals may weigh in our decision to grant discretionary review, but it will not foreclose our consideration of it once review has been granted. *Niles v. State*, 555 S.W.3d 562, 568 (Tex. Crim. App. 2018); *Volosen*, 227 S.W.3d at 80.

Appellant relies on *Rochelle*, 791 S.W.2d 121, to argue that we should not consider the State's arguments because they were first made in its motion for rehearing. But *Rochelle*'s reasoning was incomplete, and its holding has been undermined by subsequent opinions.

Rochelle complained on appeal that his indictment was fatally defective, and the court of appeals agreed with him. *Id.* at 122. This Court granted the State's petition for discretionary review to address whether the court of appeals erred in considering Rochelle's complaint given that Rochelle had not filed a motion to quash the indictment as required by Texas Code of Criminal Procedure 1.14(b). *Id.* But the State had not made its Article 1.14(b) argument in the court of appeals until it filed a motion for rehearing. *Id.* at 123.

*Rochelle* held that the State must raise preservation arguments "in orderly and timely fashion" in the court of appeals, and arguments made in a timely motion for rehearing did not qualify as timely and orderly absent extenuating circumstances. *Id.* at 123–24 (quoting *Tallant v. State*, 742 S.W.2d 292, 294–95 (Tex. Crim. App. 1987) (plurality op.)). It thus extended the holding of *Tallant v. State*, which had said that the State's preservation arguments made in an untimely motion for rehearing were foreclosed from our consideration on discretionary review.

*Rochelle* relied on the "interplay" of the rules of appellate procedure to reach its holding. *Rochelle*, 791 S.W.2d at 124. It noted, for example, that the rules required that "the appellee's brief shall reply to the points relied upon by the appellant" and that supplementation of briefs was only allowed in the interests of justice under reasonable terms imposed by the court. *Id.* The Court said, "The idea that a party may *force* a new issue on an appellate court after briefs have been filed is foreign to the rules," subject only to constitutional restraints. *Id.* Overruling without opinion a motion for rehearing that "raises a new ground for the first time" "will not be considered a ruling on an issue 'necessary to final disposition of the appeal' and thus will not be a part of the decision of the court of appeals upon which we will base review." *Id.* at 124–25. A contrary holding "would encourage piecemeal appellate litigation in the courts of appeals, which is clearly not the object sought to be attained by the promulgation of the rules." *Id.* at 125.

*Rochelle* failed to account for the fact that an appellee is not required to file a brief at all, and that the failure to do so does not relieve the court of appeals of the need to review and address every issue raised in the appeal. Nor did *Rochelle* reconcile itself with the "*Calloway* rule" that called for upholding a trial court's decision on any theory of applicable law. *Calloway v. State*, 743 S.W.2d 645, 651–52 (Tex. Crim. App. 1988). *Rochelle*'s analytical failures are underscored by our subsequent adherence to the *Calloway* rule and by our emphasis on the "judge-protecting" rationale for our preservation rules. *See Castanedanieto*, 607 S.W.3d at 327; *Niles*, 555 S.W.3d at 568; *Rhodes*, 240 S.W.3d at 886 n.9; *Volosen*, 227 S.W.3d at 80; *Martinez*, 91 S.W.3d at 335–36.

Furthermore, *Rochelle* has been undermined by our more recent holdings that error preservation is systemic and may be raised at any time. *Moore v. State*, 295 S.W.3d 329, 333 (Tex. Crim. App. 2009). A court of appeals may not reverse a conviction without first addressing preservation. *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012). If the court of appeals fails to address preservation, we may do so when confronted with it. *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020).

We have explicitly recognized that these systemic-preservation decisions have eroded *Tallant*. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (per curiam) (op. on reh'g). And *Rochelle* is in "the *Tallant* line of cases[.]" *Id.* at 473 and n.4. So, *Rochelle* has been eroded, too. Consequently, we reach the merits of the State's arguments.

## IV. Challenges for Cause and Questionnaires

The State argues that questionnaires are not part of voir dire and cannot by themselves support a challenge for cause, especially if the wording of the questions deviates from that of Article 35.16(a)(10), the foundation of the challenge for cause. We hold that even if the wording exactly tracks the statutory language, a questionnaire answered before voir dire will not by itself support a challenge for cause under Article 35.16(a)(10), and a trial court does not abuse its discretion in questioning the potential juror about his answers to the questionnaire.

Challenges for cause are based on answers the potential juror gives during voir dire plus any evidence from outside voir dire. "Upon a challenge for cause, the examination is not confined to the answers of the juror, but other evidence may be heard for or against the challenge." Tex. Code Crim. P. art. 35.18. Review is "based upon the *entire* voir dire of the veniremember as well as the extrinsic evidence, if any." *Jernigan v. State*, 661 S.W.2d 936, 940 n.7 (Tex. Crim. App. 1983). In other words, the potential juror must be examined during voir dire to support a challenge for cause, and other evidence may be offered, too, but other evidence does not foreclose voir dire examination.

Questionnaires answered outside of voir dire are not a part of formal voir dire. *Garza v. State*, 7 S.W.3d 164, 166 (Tex. Crim. App. 1999). They are "other" or "extrinsic" evidence to be considered along with the voir dire examination. *See Jernigan*, 661 S.W.2d at 940 n.7 ("extrinsic evidence" may be considered); Tex. Code

Crim. P. art. 35.18 ("other evidence may be heard"). By themselves questionnaires do not support a challenge for cause. *Gonzales v. State*, 3 S.W.3d 915, 917 (Tex. Crim. App. 1999). Rather, they are a tool to aid in voir dire. *Garza*, 7 S.W.3d at 166.

Appellant argues that *Gonzales* is distinguishable from this case because it addressed a challenge for cause based on bias or prejudice under Article 35.16(a)(9) rather than a conclusion about guilt or innocence under Article 35.16(a)(10). But *Gonzales*'s rationale is applicable to both types of challenge: "Counsel should never assume that the respondents will understand each question as it was intended by counsel to be understood." *Gonzales*, 3 S.W.3d at 917. Questionnaires are "vulnerable to misinterpretation—even questions that appear to be subject to only one interpretation." *Gonzales*, 3 S.W.3d at 917. They may be a useful tool, but questionnaires are no substitute for the human interaction inherent to voir dire and essential to the trial court's evaluation of a juror's suitability for jury service. *See Gardner v. State*, 306 S.W.3d 274, 295–96 (Tex. Crim. App. 2009) ("We review a trial court's ruling on a challenge for cause with considerable deference because the trial judge is in the best position to evaluate a veniremember's demeanor and responses."). They are "other" or "extrinsic" evidence that may be offered in addition to voir dire examination, but they are not voir dire by themselves.

The parties here agree that the questionnaires were answered before voir dire began. Thus, they were not part of formal voir dire, and the answers they prompted would not by themselves support a challenge for cause or compel Article 35.16(a)(10)'s

injunction against further interrogation.   The trial court did not abuse its discretion in personally questioning the veniremembers who answered yes to the two questions at issue here.   Accordingly, we reverse the judgment of the court of appeals and remand the case for consideration of Appellant's remaining point of error.

Delivered: May 5, 2021


Publish