**Mircea VOLOSEN, Appellant**

v.

**The STATE of Texas.**

**No. PD–0492–06.**

Court of Criminal Appeals of Texas.

June 20, 2007.

---

David L. Richards, Fort Worth, for Appellant.

David M. Curl, Anne Swenson, Assistant Criminal District Attys., Fort Worth, Matthew Paul, State's Atty., Austin, for State.

KELLER, P.J., delivered the opinion of the Court in which MEYERS, WOMACK, KEASLER, HERVEY, HOLCOMB and COCHRAN, JJ., joined.

We are called upon in this case to determine how an appellate court should handle a question of ultimate fact that turns upon county or municipal law where that law has not been presented to the courts by either of the parties. We shall reverse the judgment of the court of appeals.

## I. Background

The incident giving rise to appellant's prosecution occurred in his back yard in the city of Colleyville. Kevin Ball and his family owned a dog, a miniature dachshund. Appellant, a veterinarian, lived directly behind Ball and kept chickens in a pen in his back yard. On July 4, 2003, the dog was in appellant's back yard, among the chickens. Seeing the dog in his neighbor's back yard, Ball called to it and attracted the dog's attention. When appellant entered his yard holding a maul, Ball told him, "Hey, sorry, she got out again." Appellant looked at Ball and struck the dog with the maul, killing it.

The State prosecuted appellant for cruelty to animals on the ground that he killed the dog without legal authority.[1] The case was tried to the bench. At trial,

appellant contended that Health and Safety Code § 822.033 provided him with legal authority because the dog was attacking his chickens.[2] The State responded that § 822.033 applied only to civil lawsuits,[3] but that, even if the statute did apply to criminal prosecutions, the dog did not engage in an "attack." The trial judge found appellant guilty and placed him on probation.

On appeal, appellant claimed that the evidence was legally insufficient to support his conviction because legal authority to kill the dog under § 822.033 had been established as a matter of law. Construing the word "attack," the Court of Appeals agreed and reversed his conviction.[4] In its petition for discretionary review, the State lodged four grounds for review. We granted the first ground, which alleges: "The Court of Appeals erred in reversing Appellant's Cruelty to Animals conviction on the basis of Tex. Health and Safety Code § 822.033, where Appellant never demonstrated at trial that the statute had been adopted by Tarrant County voters and where the statute, in fact, was not applicable to Appellant's case."

The State's argument is that § 822.033 falls within a statutory scheme that must be ratified by the voters of a particular county before it becomes effective for that county. The State contends that it was appellant's burden to show that such a ratification occurred.

1. "A person commits an offense if the person intentionally or knowingly ... kills, seriously injures, or administers poison to an animal, other than cattle, horses, sheep, swine, or goats, belonging to another without legal authority or the owner's effective consent." TEX. PEN.CODE § 42.09(a)(5).

2. "A dog that is attacking, is about to attack, or has recently attacked sheep, goats, calves, or other domestic animals or fowls may be killed by any person witnessing or having

knowledge of the attack." TEX. HEALTH & SAF. CODE § 822.033(a).

3. See TEX. HEALTH & SAF.CODE § 822.033(b)("A person who kills a dog as provided by this section is not liable for damages to the owner of the dog.").

4. Volosen v. State, 192 S.W.3d 597, 602–604 (Tex.App.-Fort Worth 2006).

## II. ANALYSIS

### A. Procedural issue

■ The first question raised in this case is whether it is appropriate to review a claim raised for the first time in a petition for discretionary review. Under the circumstances presented here, we hold that it is.

■ Because the State prevailed at trial, it was not required to raise any allegations before the court of appeals. The Rules of Appellate Procedure require an appellant to file a brief but impose no such requirement on an appellee.[5] Regardless of whether an appellee files a brief, a first-level appellate court has the obligation to conduct a thorough review of an appellant's claims, including any subsidiary issues that might result in upholding the trial court's judgment. An appellee's failure to make a particular argument is a factor that may be considered when this Court decides whether to exercise its discretion to grant review, but it does not bar this Court from granting review to address the issue if the Court, in its discretion, decides that review is warranted. We turn, then, to the merits.

### B. The merits

■ We interpret a statute in accordance with the plain meaning of its language unless the language is ambiguous or the plain meaning leads to absurd results that the legislature could not have possibly intended.[6] At the time of the incident in this case, the statutory provision upon which appellant relies to establish a de-

fense was codified in a subchapter that applied only to certain counties under certain conditions:

> This subchapter applies only to a county that adopts this subchapter by a majority vote of the qualified voters of the county voting at an election held under this subchapter. This subchapter shall not apply to any county or municipality that enacts or has enacted registration or restraint laws pursuant to Chapter 826 (Rabies Control Act of 1981).[7]

This applicability statute contains one provision of inclusion and one of exclusion. A county is included within the coverage of Chapter 822C if it is adopted in a county election. But even where that has occurred, the county or a municipality within that county is excluded if the county or municipality has enacted regulations pursuant to the Rabies Control Act. By the terms of the applicability statute, the defense found in § 822.033 was applicable in appellant's case only if (1) the voters in Tarrant County had adopted the subchapter in an election, and (2) registration or restraint laws pursuant to the Rabies Control Act had *not* been enacted by Tarrant County or by the City of Colleyville.

■ Appellant contends that § 822.033 applied statewide, despite its presence in a subchapter of limited applicability. In support of this proposition, he cites the fact that the provision was renumbered in 2003 as § 822.013, taking the provision out of subchapter C and making it a law of general applicability.[8] But in interpreting a prior law, we generally accord little weight to subsequent legislative enactments.[9] The Legislature's amend-

---

5. *See* TEX.R.APP. P. 38.8.

6. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991).

7. TEX. HEALTH & SAFETY CODE § 822.021 (referring to subchapter C of Chapter 822). For

ease of reference, we will sometimes refer to this subchapter as "Chapter 822C."

8. Acts 2003, 78th Leg., ch. 1002, § 1.

9. *Ex parte Schroeter,* 958 S.W.2d 811, 813 (Tex.Crim.App.1997).

ment cannot negate the import of the unambiguous language of the applicability statute, § 822.021.

█ The next question, then, is whether Chapter 822C applied to Tarrant County or to the City of Colleyville. The trial record, of course, contains no information in this regard.[10] Where a matter is appropriately subject to judicial notice, an appellate court can take judicial notice for the first time on appeal.[11] A matter of law would seem to be an especially appropriate subject of judicial notice by an appellate court, but county and municipal laws pose some unique challenges.

█ The law used to be that a county or municipal ordinance could not be judicially noticed by a district court or appellate court unless the text of the ordinance was made a part of the record.[12] The articulated concern was the practical difficulty that a court—especially an appellate court— would have in procuring a copy of the ordinance:

This case aptly illustrates the necessity for the introduction of the ordinance in evidence. Appellant contends that the ordinance under which he is prosecuted is unconstitutional. How are we to pass on its constitutionality without reading it? How is it to reach us, if not made part of the record? Every time the constitutionality of an ordinance is

raised, shall we adjourn court, and go to the city, and ask the city secretary to show it to us; and, if not, how are we to obtain it? [13]

The law in this regard has been liberalized somewhat with the advent of the Rules of Evidence. Rule 204 requires a court to take judicial notice of a county or municipal ordinance upon request, so long as the requesting party furnishes "sufficient information to enable [the court] properly to comply with the request," but the rule also *permits* a court to take judicial notice "upon its own motion." [14] In either event, a court's decision to take judicial notice of a county or municipal ordinance is subject to review as a ruling on a question of law.[15]

█ Our own research reveals that the applicability provision, § 822.021, was amended in 1995 to add the provision of exclusion, discussed above, for local jurisdictions that regulated animals under the Rabies Control Act.[16] The committee reports in both the House and the Senate explain that a referendum pursuant to Chapter 822C had been defeated in Tarrant County, and the amendment was passed to protect municipalities within that county from the burden of possible future referendums that could occur as soon as six months from that defeat.[17]

As of 1995, then, Tarrant County had not adopted Chapter 822C. But we have no information (aside from the State's prof-

---

10. With its petition, the State submitted an affidavit from a county official stating that the subchapter was never adopted in Tarrant County. Because of our disposition, below, we need not address the propriety of considering an affidavit submitted at this stage of the proceedings.

11. *Emerson v. State,* 880 S.W.2d 759, 765 (Tex.Crim.App.1994); *Robinson v. State,* 783 S.W.2d 648, 653 (Tex.App.-Dallas 1989), *aff'd and opinion adopted,* 841 S.W.2d 392 (Tex. Crim.App.1992).

12. *Lange v. State,* 639 S.W.2d 304, 306 (Tex. Crim.App.1982).

13. *Id.* (quoting *Karchmer v. State,* 61 Tex. Crim. 221, 221, 134 S.W. 700, 700 (1911)).

14. Tex.R. Evid. 204.

15. *Id.*

16. Acts 1995, 74th Leg., Ch. 489.

17. Senate/House Committee Reports, S.B. 1437 (April 6 and May 9, 1995).

fered affidavit) that definitively shows whether it was ever adopted in a subsequent election. We cannot determine the content of local law with sufficient certainty to take judicial notice of whether or not former § 822.033 applied to the location in which the incident occurred.

 The final question presented is which party bears the burden to demonstrate the content of local law and thus suffers if the content of local law cannot be ascertained. The answer in this instance is that the defendant bears this burden. Although "without legal authority" constitutes an element of the offense of cruelty to animals,[18] the State provided *prima facie* support for that element when it proved that the dog was owned by someone other than appellant. Appellant wishes to rely upon an entirely different statute to supply legal authority for his conduct. In doing so, he has essentially invoked a defense, upon which he has the burden of production.[19] Indeed a very similar, but more restrictive, provision is codified as a "defense" in the same Penal Code section as the cruelty to animals offense.[20] Because § 822.033 was contained within a subchapter of limited applicability, a defense based upon that provision necessarily includes as one of its elements the statute's applicability.

No information was provided at trial or on direct appeal to show that the statute was applicable to Tarrant County in general, or to Colleyville in particular. The court of appeals made no such suggestion in its opinion.[21] Under the circumstances, we find that appellant has failed to meet his burden of production to show the applicability of his claimed defense.[22]

We reverse the judgment of the court of appeals and remand the case to that court to address appellant's remaining points of error.

PRICE, J., dissented.

JOHNSON, J., concurred.

18. Tex. Pen.Code § 42.09(a)(5)("A person commits an offense if the person intentionally or knowingly ... kills, seriously injures, or administers poison to an animal, other than cattle, horses, sheep, swine, or goats, belonging to another without legal authority or the owner's effective consent.").

19. *See Zuliani v. State*, 97 S.W.3d 589, 594 (Tex.Crim.App.2003)(explaining that the defendant bears the burden of production with respect to a defense while the State bears the burden of persuasion).

20. It is a defense to prosecution under Subsection (a)(5) that the animal was discovered on the person's property in the act of or immediately after injuring or killing the person's goats, sheep, cattle, horses, swine, or poultry and that the person killed or injured the animal at the time of this discovery. Tex. Pen.Code § 42.09(e).

21. Indeed, appellant has provided no such information on discretionary review, after the State brought the issue to this Court's (and appellant's) attention.

22. We also keep in mind that appellant lost in the trial court, so he does not gain the benefit of any implied findings that might support the trial court's judgment. *See State v. Kelly*, 204 S.W.3d 808, 818–819 (Tex.Crim.App.2006). We need not decide today whether an appellate court could imply, from a silent record, findings with respect to local law in the prevailing party's favor.