

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-0596-13 & PD-0624-13

### EX PARTE CHARLIE J. GILL, Appellant

### EX PARTE TOMMY JOHN GILL, Appellant

## ON APPELLANTS' PETITIONS FOR DISCRETIONARY REVIEW
## FROM THE NINTH COURT OF APPEALS
## JASPER COUNTY

**PRICE, J., filed a concurring opinion.**

### CONCURRING OPINION

I join Parts I and II of the Court's opinion. While I do not necessarily disagree with the Court's resolution of the merits of the State's separation of powers argument in Part III of its opinion, the Court does not explain why it is appropriate to address that issue. The State never raised the constitutionality of Article 17.151 on separation of powers—or any other—grounds until its reply brief in this Court, *after* we had already granted the appellants' petitions for discretionary review. The court of appeals never passed on the issue—nor, indeed, was it ever called upon to do so.

We ordinarily review only the "decisions" of the courts of appeals.[1] I am aware that there are exceptions,[2] and that, over the past half-decade or so, one such exception that the Court has explicitly carved out is that a party who prevails in the trial court but then loses in the court of appeals may raise an argument for the first time in his own petition for discretionary review to justify reversing the court of appeals's judgment—even though he did not raise that argument in his reply brief below.[3] Perhaps what the Court invokes today to justify addressing the State's constitutional separation of powers argument is an extension of that exception—to allow a party who has prevailed *both* in the trial court *and* in the court of appeals to raise an alternative basis for justifying the court of appeals's judgment for the first time in a *reply brief* on the *opposing party's* petition for discretionary review.[4] But, if so, the Court does not say so, and it is not self-evident to me that the exception should extend

---

[1] *E.g.*, *Davison v. State*, 405 S.W.3d 682, 691 & n.54 (Tex. Crim. App. 2013).

[2] *See id.* at 691-92 ("[T]here are exceptions to this practice, and when the proper resolution of the remaining issue is clear, we will sometimes dispose of the case in the name of judicial economy.")

[3] *See Volosen v. State*, 227 S.W.3d 77, 80 (Tex. Crim. App. 2007); *Rhodes v. State*, 240 S.W.3d 882, 886 n.9 (Tex. Crim. App. 2007). *See also id*. at 892-95 (Price, J., dissenting) (tracing the evolution of the Court's holding that a party who prevails in the trial court but loses in the court of appeals may raise an argument for the first time in a petition for discretionary review, without having made the argument in a reply brief in the court of appeals).

[4] *See Morris v. State*, 361 S.W.3d 649, 669-70 n.117 (Tex. Crim. App. 2011) (invoking *Volosen* and *Rhodes* in support of the proposition that, having prevailed both in the trial court and in the court of appeals, the State may ask this Court to take judicial notice of an adjudicative fact for the first time in its reply brief on the appellant's petition for discretionary review).

that far.  Perhaps the Court feels that an explanation is somehow unnecessary, since it rejects the State's separation of powers argument in any event.  But the Court does not even say that much.

Unless and until the Court can justify reaching the merits of the State's belated constitutional argument, I must content myself with joining the judgment of the Court and Parts I and II—but not Part III—of its opinion.

FILED:     November 20, 2013
PUBLISH