# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00673-CR

**Ryan Francis Chase, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF BELL COUNTY, NO. 2C10-01569, HONORABLE REBECCA DEPEW, JUDGE PRESIDING

## O P I N I O N

According to Ryan Chase, when he and his wife were walking their two dogs, two of his neighbor's dogs "escaped from their backyard on the other side of the street and attacked the foursome." During the encounter, Chase's wife managed to get away with one of their dogs, but the neighbor's dogs continued to attack Chase and the remaining dog. Eventually, Chase was able to separate his dog from the neighbor's dogs and take his dog home. Once Chase returned home, he grabbed a rope and a knife and then returned to the scene. Upon his return, he tied up one of the neighbor's dogs and then slashed the dog's throat with the knife, which eventually resulted in the dog's death.

After the police investigated the incident, Chase was arrested and charged with cruelty to nonlivestock animals. *See* Tex. Penal Code § 42.092. At the conclusion of the trial, the jury found Chase guilty, and the trial court sentenced him to imprisonment for 365 days but probated

the sentence and placed Chase under community supervision for 12 months. After the trial court imposed its sentence, Chase filed this appeal. We will reverse the trial court's judgment.

**DISCUSSION**

In one issue on appeal, Chase argues that the trial court erred by failing to include an instruction in the jury charge that he requested regarding an alleged defense to the crime charged.

As discussed above, Chase was convicted of cruelty to a nonlivestock animal. The relevant portion of the governing statute explains that a person commits a crime if he "intentionally, knowingly, or recklessly . . . kills . . . or causes serious bodily injury to an animal" "without the owner's effective consent." Tex. Penal Code § 42.092(b)(2).[1] Although the cruelty-to-animals statute lists certain defenses and exemptions to culpability, *id.* § 42.092(d)-(f), the Health and Safety Code also contains a provision governing violence against animals, Tex. Health & Safety Code § 822.013. In particular, under section 822.013, the legislature has expressly authorized an individual to kill a dog "that is attacking, is about to attack, or has recently attacked livestock, domestic animals, or fowls" if he witnesses "the attack" or if he is "the attacked animal's owner" and "has knowledge of the attack." *Id.* § 822.013(a). During the trial, Chase asked the trial court to include an instruction regarding section 822.013 in the jury charge, but the trial court denied that request.

In supporting the trial court's ruling, the State argues that Chase failed to preserve this issue for appellate review because he failed to comply with the requirements listed in article 36.14 of the Code of Criminal Procedure. Specifically, the State asserts that Chase was required to but

---

[1] Chase's neighbor's dog died following the injuries caused by Chase. In the charge, the jury was instructed only regarding cruelty to animals by causing bodily injury to an animal. *See* Tex. Penal Code § 42.092(b)(2).

2

failed to present to the trial court in writing any objection to the proposed charge or to dictate any objection "to the court reporter in the presence of the court and the state's counsel." *See* Tex. Code Crim. Proc. art. 36.14; *see also id.* art. 36.19 (requiring that "[a]ll objections to the charge and to the refusal of special charges shall be made at the time of the trial").[2] Although the State acknowledges that Chase asked for an instruction regarding section 822.013, the State insists that Chase did not comply with the Code of Criminal Procedure because he did not submit any objections in writing nor have them dictated into the record. *See Posey v. State*, 966 S.W.2d 57, 61 (Tex. Crim. App. 1998) (explaining that plain language of article 36.14 requires defendant to object to jury charge before he may challenge on appeal errors and omissions in charge).[3]

---

[2] In its brief, the State also argues that Chase failed to comply with the requirements of article 36.15, which allows defendants to ask the trial court to give the jury special requested instructions. Tex. Code Crim. Proc. art. 36.15. Although there are similarities between articles 36.14 and 36.15, the court of criminal appeals has determined that article 36.14 applies to objections to a proposed jury charge and that article 36.15 applies to additional special instructions. *Vasquez v. State*, 919 S.W.2d 433, 435 (Tex. Crim. App. 1996). In this case, Chase challenged the charge that was given to the jury and urged that it was incomplete rather than request a new instruction. *See Loun v. State*, 273 S.W.3d 406, 416-17 (Tex. App.—Texarkana 2008, no pet.) (distinguishing between incomplete instructions and requests for new instructions). Accordingly, we believe that article 36.14 governs this case.

[3] On appeal, the State also urges that Chase failed to preserve the alleged error and that an instruction would have been improper because he did not proffer any testimony that he was relying on section 822.013 as a defense. More specifically, the State asserts that Chase failed to proffer any testimony showing that he was aware of section 822.013 prior to the offense or that he was relying on the provision when he acted.

Although it is not entirely clear that Chase was required to present the type of evidence suggested by the State in order to preserve his complaint, we note that evidence bearing upon these considerations was introduced during trial. For example, one of the responding officers testified that Chase informed the officer about the attack on his dog, that Chase admitted to killing one of his neighbor's dogs because of the attack, and that Chase thought that his actions were authorized by law.

3

To properly preserve an objection under article 36.14, a defendant "is merely required to object and obtain an adverse ruling." *Loun v. State*, 273 S.W.3d 406, 417 (Tex. App.—Texarkana 2008, no pet.); *see also* Tex. R. App. P. 33.1 (requiring timely objection stating legal basis for objection). Provided that the objection is sufficient, the error is preserved "even though the written requested charge was not introduced." *Loun*, 273 S.W.3d at 417; *see also* Tex. Code Crim. Proc. art. 36.14 (explaining that "in no event shall it be necessary for the defendant or his counsel to present special requested charges to preserve or maintain any error assigned to the charge"). An objection is sufficient if it drew the court's attention to the issue raised on appeal. *Starks v. State*, 127 S.W.3d 127, 133 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd). Stated differently, an objection preserves error "if the record indicates that the trial judge understood appellant's request to encompass the matters about which an appellant now complains." *Rue v. State*, 288 S.W.3d 107, 110 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

Prior to the trial court giving its charge to the jury, Chase made the following request:

> Judge, the defense would -- based on the earlier issues that we've raised with the Court, would ask that the specific provisions contained in -- in Section 822.013 of the Health and Safety Code, which we litigated earlier, be included in the Charge. That -- the defense's position is that it's the real issue in this case. It goes to the heart of the defense. And we would respectfully ask that it be included as an appropriate charge.

Moreover, in a hearing prior to trial, Chase extensively argued that section 822.013 applied under the circumstances of this case, but the trial court granted the State's motion in limine and prohibited Chase from discussing section 822.013. In addition, during the trial, Chase asked the trial court to revisit its ruling prohibiting him from discussing section 822.013, but the trial court denied that request.

4

In light of the preceding, we must conclude that Chase's objection was sufficient and that he preserved the issue for appeal.

In supporting the trial court's judgment on the merits, the State contends that nothing in the language of section 822.013 indicates that it is a defense to the crime of cruelty to animals or that the provision even applies to criminal, rather than civil, cases. *See* Tex. Health & Safety Code § 822.013; *see also* Tex. Penal Code § 2.04 (explaining that affirmative defenses in Code are identified by phrase "[i]t is an affirmative defense to prosecution").

For the reasons that follow, we disagree with the State. Our sister court was faced with a similar situation involving the predecessor to section 822.013. *See Volosen v. State*, 192 S.W.3d 597 (Tex. App.—Fort Worth 2006) ("*Volosen I*"), *rev'd*, 227 S.W.3d 77 (Tex. Crim. App. 2007) ("*Volosen II*"). In *Volosen I,* Volosen killed his neighbor's dog after the neighbor's dog got into his chicken pen. *Id.* at 600. As a result, Volosen was charged with cruelty to animals. *Id.* at 599. During the trial, Volosen contended that the predecessor to section 822.013 authorized his actions, but the State argued that the predecessor statute only applied to civil lawsuits. *Volosen II*, 227 S.W.3d at 79. Similar to section 822.013, its predecessor authorized an individual to kill a dog that attacked or was about to attack "domestic animals or fowls" if the individual witnessed or had knowledge of the attack. Act of May 16, 1989, 71st Leg., R.S., ch. 678, § 1, sec. 822.033, 1989 Tex. Gen. Laws 2230, 3142. In assessing the interplay between this statute and the cruelty-to-animals provision, the court determined that a person authorized to kill a dog under the predecessor statute cannot be guilty of the crime of knowingly or intentionally killing or causing serious bodily injury to an animal owned by another. *Volosen I*, 192 S.W.3d at 600. In light of this analysis, the court

5

determined that Volosen's conviction was not supported by legally sufficient evidence and rendered a judgment of acquittal. *Id.* at 603-04.

The decision in *Volosen I* was appealed and reversed, but the court of criminal appeals did not overrule the appellate court's determination that the predecessor statute can excuse criminal liability under the cruelty-to-animals statute. In fact, the court of criminal appeals referred to the predecessor statute as a defense to a cruelty-to-animals charge. *Volosen II*, 227 S.W.3d at 82. Moreover, the court of criminal appeals reversed the appellate court's judgment because Volosen "failed to meet his burden of production to show the applicability of his claimed defense." *Id.* In particular, the court of criminal appeals was referring to the State's allegation that the predecessor statute was contained within a subchapter "that applied only to" counties that adopted the subchapter by a majority vote of its residents. *Id.* at 79-80. Due to the fact that the predecessor statute was located in a subchapter of limited applicability, the court determined that Volosen failed to show that the statute had been adopted in the county in which the alleged crime occurred. *Id.* at 82.

In light of the fact that the current Health and Safety Code provision is a statute of general applicability, *see* Tex. Health & Safety Code § 822.013, and in light of the analysis in both *Volosen I* and *Volosen II*, we must conclude that section 822.013 of the Health and Safety Code can, in circumstances like those present here, serve as defense to a criminal charge of cruelty to animals.[4]

---

[4] We note that although we conclude that section 822.013 of the Health and Safety Code may serve to excuse criminal culpability for an allegation that an individual killed or caused serious bodily injury to an animal "without the owner's effective consent," *see* Tex. Penal Code § 42.092(b)(2), we express no comment on whether section 822.013 can excuse criminal liability for the other prohibited conduct identified in the cruelty-to-animals provision, *see id.* § 42.092(b)(1), (b)(3)-(9) (criminalizing, among other things, torturing, abandoning, and overworking animals).

Because Chase objected to the trial court's failure to provide an instruction regarding section 822.013, the case must be reversed if the record shows that he suffered some harm. *Reeves v. State*, No. PD-1711-12, 2013 Tex. Crim. App. LEXIS 1317, at *8 (Tex. Crim. App. Sept. 18, 2013); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). In ascertaining whether there is harm, appellate courts "focus on the evidence and record to determine the likelihood that the jury" would have concluded that the defense applied had it been given the instruction. *See Wooten v. State*, 400 S.W.3d 601, 606 (Tex. Crim. App. 2013). In performing this review, appellate courts evaluate the harm "in light of the complete jury charge, the arguments of counsel, the entirety of the evidence, . . . and any other relevant factors revealed by the record as a whole." *Id.*

The evidence presented during trial from the various witnesses demonstrated that Chase decided to kill his neighbor's dog after it attacked his dog. Regarding the attack, Chase testified that his neighbor's dog grabbed one of his dogs by the neck and shook the dog back and forth for several minutes. In fact, Chase explained that despite repeatedly punching the attacking dog, he was only able to separate the dogs after another neighbor intervened and hit the dog on the head. Moreover, although there was some disagreement regarding whether the injuries Chase's dog sustained were from the attack by the neighbor's dog or from a previous attack a few weeks earlier, Chase and an investigating police officer both testified that Chase's dog had been injured during the attack by the neighbor's dog. Furthermore, Chase emphasized throughout his testimony and in his closing argument that he decided to kill the attacking dog after observing it attack his dog.

Finally, as evidenced by the issue on appeal, the jury charge made no mention of section 822.013. Moreover, nothing in the remainder of the charge provided that Chase's conduct

7

might have been authorized or that his criminal conduct might have been excused for any reason. Instead, the charge just provided the elements of the alleged offense and instructed the jury that they should find him guilty if those elements were met.

In light of the preceding, we must conclude that Chase suffered some harm by the trial court's failure to include an instruction regarding the defense that the jury could potentially have found to apply to Chase's conduct under section 822.013. Accordingly, we sustain Chase's issue on appeal.[5]

**CONCLUSION**

Having sustained Chase's issue on appeal, we reverse the trial court's judgment of conviction and remand the case for further proceedings consistent with this opinion.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Rose

Reversed and Remanded

Filed: November 26, 2013

Publish

---

[5] Although we need not address the potential problem given our resolution of this appeal, we do note that seeking to punish an individual for actions that are expressly authorized by the legislature (rather than simply excused) might present some due-process concerns. *See Pena v. State*, 191 S.W.3d 133, 136-38 (Tex. Crim. App. 2006) (discussing need to avoid "adjudication of constitutional issues when at all possible").