

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0992-15

### ANTWAIN MAURICE BURKS, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FOURTEENTH COURT OF APPEALS FORT BEND COUNTY

YEARY, J., filed a dissenting opinion in which KELLER, P.J., and KEASLER, J., joined.

### DISSENTING OPINION

I have read the brief that Appellant filed in the court of appeals, and I agree with the Court's observation that "Appellant did not argue to the court of appeals that the evidence was insufficient to support the jury's finding that he intended to impair the corpse's availability as evidence in a subsequent investigation of or official proceeding related to the offense." Majority Opinion at 19. In fact, from my reading of the appellate brief, the only challenge it may fairly be said that Appellant raises to the sufficiency of the evidence is that

it did not establish that the offense he committed was a *second degree felony* offense—because it did not show that the physical evidence he tampered with was a *human corpse*.[1] That is the contention the court of appeals focused on almost exclusively in its opinion. *Burks v. State*, No. 14-14-00166-CR, 2015 WL 4463746 (Tex. App.—Houston [14th] del. July 25, 2015) (not designated for publication). And indeed, it was the only issue the resolution of which was "necessary to final disposition of the appeal." TEX. R. APP. P. 47.1. The court of appeals rejected Appellant's argument, and this Court today agrees that it was correct to do so. So do I.

And yet, though essentially acknowledging that the court of appeals correctly disposed of the only issue necessary to final disposition of the appeal, the Court does not affirm the judgment of court of appeals. For the very first time in his petition for discretionary review, Appellant seeks to challenge the legal sufficiency of the evidence on another basis, never mentioned in, much less briefed before, the court of appeals. The court of appeals never rendered an opinion—and, in fact, was never fairly called upon to render an opinion—with respect to the issue Appellant now belatedly raises, and this Court is ordinarily constrained to decide only issues that have been decided by the courts of appeals. *See* TEX. CONST. art. V, § 5(b) ("[T]he Court of Criminal Appeals may, on its own motion, review a decision of

---

[1] Under Section 37.09(c) of the Penal Code, tampering with evidence is a third degree felony" unless the thing altered, destroyed, or concealed is a human corpse, in which case the offense is a felony of the second degree." TEX. PENAL CODE § 37.09(c).

a Court of Appeals in a criminal case as provided by law."); TEX. CODE CRIM. PROC. art. 4.04, § 2 ("[T]he Court of Criminal Appeals may, on its own motion, with or without a petition for such discretionary review being filed by one of the parties, review any decision of a court of appeals in a criminal case."); *Holland v. State*, 802 S.W.2d 696, 701 (Tex. Crim. App. 1991) ("In our discretionary review capacity we review 'decisions' of the courts of appeals.").[2] Almost from the inception of our discretionary review authority, we have held that an appellant's failure to present a claim "in an orderly fashion" so it can be "determined by the appropriate court of appeals" will bar review of the claim on discretionary review. *Lambrecht v. State*, 681 S.W.2d 614, 616 (Tex. Crim. App. 1984). So why does the Court remand this case to the court of appeals to address an issue never raised there?

Perhaps by way of partial explanation, the Court notes that preservation of error is not required for an appellant to raise a sufficiency challenge on direct appeal. Majority Opinion at 18, n.24 (citing *Moore v. State*, 371 S.W.3d 221, 225 (Tex. Crim. App. 2012)). While that is true, it does not justify the Court's disposition of this case. The question here is not whether Appellant had to preserve his new sufficiency argument at the trial court level before he could raise it on appeal. There is no doubt he could have raised it on direct appeal. But the

---

[2] If an issue *was* raised in the court of appeals, and that court did not reach it for some reason, and resolution of the issue was (or becomes) necessary to final disposition of the appeal, this Court will ordinarily remand it to the court of appeals to resolve in the first instance, though "when the proper disposition of an outstanding issue is clear, we will sometimes dispose of it on discretionary review in the name of judicial economy." *Gilley v. State*, 418 S.W.3d 114, 119 (Tex. Crim. App. 2014).

relevant question is whether he did, in fact, raise it on direct appeal.

The Court's primary justification for reaching Appellant's unraised sufficiency issue (or, more accurately, forcing the court of appeals to reach it) resides in language that it misappropriates from our opinion in *Volosen v. State*, 227 S.W.3d 77, 80 (Tex. Crim. App. 2007). Majority Opinion at 20 & n.32. We took care in *Volosen*, and in subsequent cases that have followed it, to strictly circumscribe the exception we announced to the rule that we may only address issues decided by the courts of appeals. *Volosen* only permits the consideration of a subsidiary issue that an *appellee* raises for the first time in a petition for discretionary review; he may do so, we reasoned, because, as the prevailing party in the trial court, he had no obligation to raise that issue in the court of appeals. *See Rhodes v. State*, 240 S.W.3d 882, 886 n.9 (Tex. Crim. App. 2007) ("[B]ecause the State prevailed at trial, we may in our discretion address subsidiary arguments that support the trial court's ruling that were not presented to the court of appeals."); *State v. Gobert*, 275 S.W.3d 888, 891-92 n.12 (Tex. Crim. App. 2009) ("Because the State did not prevail in the trial court, it cannot take advantage of our recently announced rule [in *Volosen*]. * * * The State, as appellant, should not be heard now to challenge [the reasoning of the court of appeals] based upon a new . . . understanding of the applicable facts that was not timely presented to, and never considered by (nor required to be considered by), the court of appeals.").

Because an appellee, by definition, has won in the trial court, it is not his appeal in the

first place; indeed, he need not even file a reply brief on appeal. *Volosen*, 227 S.W.3d at 80 (citing TEX. R. APP. P. 38.8). If the court of appeals overturns the trial court's judgment, we have maintained, the appellee should be able to raise any subsidiary issue—arguing alternative reasons why he *should* have prevailed in the court of appeals—by way of a petition for discretionary review. *See Rhodes*, 240 S.W.3d at 887 n.9 ("The point of *Volosen* is that the parties' positions in this regard are fixed at trial and do not change during the subsequent course of appellate litigation. Thus, the party who loses at the trial level who then complains about a decision of the court of appeals must address both the holding and the reasoning of the court of appeals, but the party who wins at the trial level who complains about a decision of the court of appeals need only address the holding of the court of appeals."). It was in that particular context that we observed that "an *appellee's* failure to make a particular argument is a factor that may be considered when this Court decides whether to exercise its discretion to grant review, but it does not bar the Court from granting review to address the issue if the Court, in its discretion, decides that review is warranted." *Volosen*, 227 S.W.3d at 80 (emphasis added). We never meant for that observation to apply equally to *appellants*, in abrogation of our long-standing general prohibition against reviewing matters that an appellant never asked the court of appeals, in due course, to decide. *Volosen* did not recognize a kind of generalized discretion in this Court to grant review of issues indiscriminately, regardless of whether the appellant even raised them in the

intermediate appellate court. The Court is mistaken to think that it did.

In effect, what the Court announces today is a rule that, in any case in which an appellant challenges the legal sufficiency of the evidence, regardless of the scope of the specific claim by which he asserts that the evidence is deficient, the court of appeals may not reject that claim without first conducting a general review of the record and making an express determination that the evidence supports every contingent element of the offense. In other words, the phrase "legally insufficient evidence" is all it takes to render it "necessary to final disposition of the appeal"—at least if that disposition is to affirm—to explain how the evidence supports every single element, regardless of whether the appellant's brief specifically addressed it.

The various courts of appeals will undoubtedly be puzzled. This is not a rule that we ourselves routinely follow in our own capacity as a direct appeals court, in capital murder cases. In that context, we are not reticent to reject a claim merely because the appellant has inadequately briefed it, citing Rule 38.1(i) of the Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011) ("We decide that this point of error is inadequately briefed and presents nothing for review as this Court is under no obligation to make appellant's arguments for her."); *Cardenas v. State*, 30 S.W.3d 384, 386 n.2 (Tex. Crim.

App. 2000) ("In a single sentence at the conclusion of his fifth point of error, appellant requests that we conduct a factual sufficiency review. Appellant otherwise makes no reference to factual sufficiency or the applicable standard thereunder. Appellant has inadequately briefed a claim as to factual sufficiency."). At least with respect to the issue of whether the evidence was sufficient to establish the requisite culpable mental state in this case, the court of appeals will be required, on remand, to canvass the record and "make [A]ppellant's arguments for" him. We all agree that he made no such arguments in his appellate brief. It is not readily apparent to me how the Court can justify imposing a more onerous obligation on the courts of appeals than it is willing to impose on itself.

For these reasons, I respectfully dissent to the remand of this case. I would simply affirm the judgment of the court of appeals.

FILED:      November 2, 2016
DO NOT PUBLISH